(CAN Rev. 11/21/13)
AO 245B (Rev. 09/11) Judgment in Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## Northern District of California

| UNITED STATES OF AMERICA | ) JUDGMENT IN A CRIMINAL CASE |
| v. | ) |
| BRIAN KENNY | ) USDC Case Number: 0971 3:13CR00495-001 WHA |
| | ) BOP Case Number: DCAN313CR00495-001 |
| | ) USM Number: 18646-111 |
| | ) Defendant's Attorney: |
| | ) Jay Weill, Retained |

## THE DEFENDANT:

☑ pleaded guilty to count(s): Count One
☐ pleaded nolo contendere to count(s): _____ which was accepted by the court.
☐ was found guilty on count(s): _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 26 U.S.C. § 7206(2) | Preparation/Assisting in Filing False Return | 3/15/2007 | One |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s): _____

☑ Count(s) Two through Six ☐ is ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

2/11/2014
Date of Imposition of Judgment

_[signature]_
Signature of Judge
The Honorable William Alsup
United States District Judge
Name & Title of Judge

2-18-14
Date

*(CAN Rev. 11/21/1)*
AO 245B  (Rev. 09/11) Judgment in Criminal Case

DEFENDANT:  BRIAN KENNY
CASE NUMBER:  0971 3:13CR00495-001 WHA

Judgment - Page __2__ of __6__

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
   6 months

☑  The Court makes the following recommendations to the Bureau of Prisons:
    to be designated in a Bureau of Prisons facility as close as possible to San Francisco.

☐  The defendant is remanded to the custody of the United States Marshal. The appearance bond is hereby exonerated.

☐  The defendant shall surrender to the United States Marshal for this district:

   ☐   at _____ ☐ am ☐ pm on _____ (no later than 2:00 pm).

   ☐   as notified by the United States Marshal.

The appearance bond shall be deemed exonerated upon the surrender of the defendant.

☑  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☑   at __12:00__ ☐ am ☑ pm on __4/18/2014__ (no later than 2:00 pm).

   ☐   as notified by the United States Marshal.

   ☐   as notified by the Probation or Pretrial Services Office.

The appearance bond shall be deemed exonerated upon the surrender of the defendant.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____ at
_____ , with a certified copy of this judgment.


                                                        _____
                                                        UNITED STATES MARSHAL

                                            By          _____
                                                        DEPUTY UNITED STATES MARSHAL

*(CAN Rev. 11/21/1)*
AO 245B  (Rev. 09/11) Judgment in Criminal Case
    Sheet 3 -- Supervised Release

DEFENDANT: BRIAN KENNY
CASE NUMBER: 0971 3:13CR00495-001 WHA

Judgment - Page 3 of 6

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
1 year

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state or local crime.
The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [x] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

- [ ] The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

- [ ] The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependents and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 09/11) Judgment in Criminal Case
Sheet 3C — Supervised Release

Judgment—Page 4 of 6

DEFENDANT: BRIAN KENNY
CASE NUMBER: 0971 3:13CR00495-001 WHA

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall pay any restitution, fine and special assessment that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release.

2. The defendant shall comply and cooperate with the IRS in a good-faith effort to pay any outstanding tax liability, to include any assessed penalty and interest.

3. The defendant shall provide the U.S. Probation Office with a copy of any written and approved agreement with the IRS for the payment of any outstanding tax liability, to include penalty and interest, within 10 days from the execution of such agreement.

4. The defendant shall timely and accurately file all future income tax returns required by law during the term of supervision, unless an extension of time is granted by the IRS.

5. The defendant shall not open any new lines of credit and/or incur new debt without the prior permission of the probation officer.

6. The defendant shall provide the probation officer with access to any financial information, including tax returns, and shall authorize the probation officer to conduct credit checks and obtain copies of income tax returns.

7. The defendant shall participate in the Location Monitoring Program as directed by the probation officer for a period of six months, and be monitored by location monitoring technology at the discretion of the probation officer. The defendant is permitted to leave for employment and medical purposes with the approval of the probation officer. Location monitoring shall be utilized to verify his compliance with any court-imposed condition of supervision. The defendant shall pay all or part of the costs of the program based upon his ability to pay as determined by the probation officer.

8. The defendant shall submit his person, residence, office, vehicle, or any property under his control to a search. Such a search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

9. Unless directed in writing otherwise, the defendant shall check his voice mail and/or answering machine on a daily basis to determine if any instructions were left by the probation officer. The defendant shall follow all such instructions, including but not limited to drug testing.

10. The defendant shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons and shall not be present in a vehicle where the defendant knows any firearm or ammunition is present.

11. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

12. The defendant shall appear before Judge Alsup on October 7, 2014, at 2:00 p.m. for a Progress Review Hearing.

AO 245B  (Rev. 09/11) Judgment in Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page  5  of  6

DEFENDANT:  BRIAN KENNY
CASE NUMBER:  0971 3:13CR00495-001 WHA

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ Waived | $ 199,493.83 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Internal Revenue Service<br>Attention: Mailstop 6261, Restitution<br>333 West Pershing Avenue<br>Kansas City, MO 64108 | $199,493.83 | $199,493.83 | 100% |
| TOTALS | $199,493.83 | $199,493.83 | |

☑ Restitution amount ordered pursuant to plea agreement  $ 199,493.83

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

(CAN Rev. 11/21/1
AO 245B (Rev. 09/11) Judgment in Criminal Case
Sheet 6 -- Schedule of Payments

DEFENDANT: BRIAN KENNY
CASE NUMBER: 0971 3:13CR00495-001 WHA

Judgment - Page 6 of 6

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows*:

A ☑  Lump sum payment of $199,593.83 due immediately, balance due

  ☐ not later than _____, or
  ☑ in accordance ☐ C, ☐ D, ☐ E, and/or ☑ F below; or

B ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑  Special instructions regarding the payment of criminal monetary penalties:
When incarcerated, payment of criminal monetary penalties are due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102. Restitution has been paid in full.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
|  |  |  |  |

☐  The defendant shall pay the cost of prosecution.
☐  The defendant shall pay the following court cost(s): _____
☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

☐  The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future, **but such future orders do not affect the defendant's responsibility for the full amount of the restitution ordered.**

---

* Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.